CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 25 2006

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFREY WHITE-BEY, | ) | |
|    Petitioner, | ) | Civil Action No. 7:06CV00038 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ROANOKE CITY CIRCUIT COURT, | ) | By: Hon. Glen E. Conrad |
|    Respondent. | ) | United States District Judge |

The petitioner, Jeffrey White-Bey, a Maryland inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The petitioner seeks to challenge the validity of a detainer filed by the Commonwealth of Virginia.[1] The petitioner contends that the Commonwealth did not have jurisdiction over him at the time the detainer was filed, and that the Commonwealth failed to try him within the 180-day limit established by the Interstate Agreement on Detainers. For the following reasons, the court will dismiss the petition without prejudice for failure to exhaust available state court remedies, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[2]

### Factual and Procedural Background

The petitioner filed the instant petition on January 17, 2006. The petitioner alleges that the Commonwealth "brought him under its jurisdiction by criminal service of process - warrant and detainer under case numbers CR-96000221 and 22-01," but that the Commonwealth "never acquired the necessary and lawful 'jurisdiction in personam' and 'venue' over the petitioner's natural person." The petitioner further alleges that the Commonwealth "failed to take any action

---

[1] The detainer is apparently based on charges currently pending in the Circuit Court for the City of Roanoke.

[2] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

in effectuating a speedy trial in compliance with any of the petitioner's continuously and previously evoked constitutional and statutory rights...." Specifically, the petitioner contends that the Commonwealth disregarded the "180-day statutory language at issue."

On January 23, 2006, the court entered a conditional filing order. The court advised the petitioner that it appeared that he had not exhausted available state court remedies, as required by 28 U.S.C. § 2254(b). The court directed the plaintiff to provide additional information pertaining to the exhaustion requirement. The plaintiff filed a response on February 8, 2006. In his response, the plaintiff alleges that although he mailed a "motion for lack of speedy trial" by certified mail on two occasions in 1997, he did not receive a response from the Circuit Court or the Office of the Commonwealth's Attorney.

## The Interstate Agreement on Detainers

The United States, the State of Maryland, and the Commonwealth of Virginia are all signatories of the Interstate Agreement on Detainers (IAD). See 18 U.S.C. App. 2, § 2; Md. Code, Correctional Services, §§ 8-401 to 8-417; Va. Code §§ 53.1-210 to 53.1-215.[3] Article III of the agreement gives a prisoner the right to demand a final disposition of charges pending against him in another jurisdiction. Va. Code § 53.1-210. To assert this right, the prisoner must first file a request for final disposition with the warden or "other official having custody of him." Id. The warden then forwards the request to the appropriate state court, as well as the appropriate prosecutor's office. Id. The request must include a certificate stating the term of commitment under which the prisoner is being held, the amount of time already served, the amount of time

---

[3] Since the petitioner challenges the validity of a detainer filed by the Commonwealth of Virginia, the court will only cite to the relevant sections of the Code of Virginia.

2

remaining to be served, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision made in connection with the prisoner's parole. Id. If the prisoner is not tried within the requisite 180-day period, the prisoner is entitled to dismissal of the charges with prejudice. Id. The 180-day period commences once "the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer." Fex v. Michigan, 507 U.S. 43, 52 (1993).

## Exhaustion of State Remedies

A state prisoner seeking to challenge the validity of an interstate detainer must first exhaust all available state remedies before filing a federal habeas petition. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-89 (1973); Gilstrap v. Godwin, 517 F.2d 52, 53 (4th Cir. 1975). Such remedies include the remedies provided by the IAD. See Norton v. Parke, 892 F.2d 476, 479 (6th Cir. 1989) (holding that prisoners must pursue the remedies provided by the IAD before seeking federal habeas relief); Cheek v. LaManna, 98 F. Supp. 2d 916, 918 (N.D. Ohio 2000) (holding that the petitioner had not exhausted available state remedies, where the petitioner failed to properly invoke the IAD). The exhaustion requirement "protect[s] the state courts' role in the enforcement of federal law and prevent[s] the disruption of the state judicial proceedings." Rose v. Lundy, 455 U.S. 515, 518 (1982).

Having reviewed the petitioner's submissions in this case, the court concludes that he has failed to exhaust available state remedies. Although the petitioner alleges that he mailed a "motion for lack of speedy trial" to the Circuit Court in 1997, this allegation is insufficient to satisfy the exhaustion requirement. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that the exhaustion requirement is not satisfied unless the petitioner gives "the state

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."). Moreover, there is no indication that the petitioner complied with the formal procedures of the IAD before he mailed the "motion for lack of speedy trial" to the Circuit Court. To the extent that the petitioner attempted to invoke the provisions of the IAD by filing that motion, the petitioner's efforts were inadequate. As previously explained, a prisoner's request for final disposition of an interstate detainer must first be sent to the warden, who then forwards the request to the appropriate court, along with the requisite certificate of incarceration. Here, it appears that the petitioner's requests came directly from the petitioner himself, rather than the Maryland authorities, and there is no indication that he submitted the requisite certificate.

Because the petitioner's submissions fail to establish that he complied with the formal requirements of the IAD or otherwise exhausted all available state remedies, the court will dismiss the petition without prejudice.[4] The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying order to the petitioner and counsel of record for the respondent, if known.

ENTER: This 25th day of February, 2006.

_____
United States District Judge

---

[4] The petitioner may refile his federal <u>habeas</u> petition if he is still unsuccessful in obtaining relief after exhausting his state remedies.

4